UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIE SANDERS,<br>　　　　Petitioner,<br><br>v.<br><br>BARRACK "O" BAMA, et al.,<br>　　　　Respondents. | :<br>:<br>:　　PRISONER<br>:　　Case No. 3:11-cv-759 (JCH)<br>:<br>:<br>:<br>: |

ORDER

Petitioner currently is confined in the Federal Correctional Institution in Butner, North Carolina. He challenges his federal conviction by a petition filed pursuant to 28 U.S.C. § 2241.

Since the enactment of the Judiciary Act of 1789, the federal court in the district in which a prisoner is incarcerated has been authorized to issue a writ of habeas corpus if the prisoner was in custody under the authority of the United States. See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). Today, this authority is codified at 28 U.S.C. § 2241(c)(3). In 1948, however, Congress enacted 28 U.S.C. § 2255. This statute "channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." Id.

Currently, "[a] motion pursuant to [section] 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration

of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)). The proper respondent is the petitioner's custodian and the petition is to be filed in the district in which the petitioner is incarcerated.

A section 2255 motion, on the other hand, is considered "the proper vehicle for a federal prisoner's challenge to [the imposition of] his conviction and sentence." Id. at 146-47. A section 2255 motion is filed in the district in which the sentence was imposed. Thus, as a general rule, federal prisoners challenging the imposition of their sentences must do so by a motion filed pursuant to section 2255 rather than a petition filed pursuant to section 2241. See Triestman, 124 F.3d at 373.

Petitioner argues that his conviction is invalid for two reasons. First, he contends that neither the Attorney General for the Criminal Division of the Department of Justice not the President authorized the United States Attorney for the District of Connecticut to convene a federal grand jury to indict him. Second, he argues that his crime was not committed on federal land. Because petitioner is challenging his conviction, his petition should be filed pursuant to section 2255, not section 2241.

A review of the criminal docket, reveals that petitioner has not filed a section 2255 motion. The Second Circuit has held that when a petitioner has never filed a section 2255 motion, the district court may not simply construe a petition for writ of habeas corpus brought pursuant to section 2241 as a section 2255 motion without providing notice to the petitioner. See Adams v. United States, 155 F.3d 582, 583-84

2

(2d Cir. 1998). Rather, the court must permit the petitioner to either: (1) agree to the recharacterization of his petition or (2) withdraw the petition. See id. at 584.[1] See Castro v. United States, 540 U.S. 375, 383 (2003) (agreeing with circuits that have adopted this warning procedure before characterizing a section 2241 petition as a first section 2255 motion).

If petitioner wishes this court to consider his claims under 28 U.S.C. § 2255, he should complete the enclosed section 2255 form including all challenges to his conviction and return it to the court with a motion to have the petition recharacterized. The Clerk is directed to send petitioner a section 2255 form with this Order. The petition and motion to recharacterize shall be filed within twenty days from the date of this Order. Petitioner also may withdraw this action. If petitioner fails to comply with this Order, the court will recharacterize the petition as filed pursuant to section 2255 and transfer the case to the sentencing judge.

**SO ORDERED** this 13th day of May 2011, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[1] The court notes that 28 U.S.C. § 2255 contains a one year statute of limitations.